## THE PANUCO.

### Petition of NEW YORK & CUBA MAIL S. S. CO.

District Court, S. D. New York.

Oct. 20, 1942.

Macklin, Brown, Lenahan & Speer, of New York City, for claimant Jacob Rice & Sons.

Mathias F. Corres, of New York City (Charles J. Carroll, of Brooklyn, N. Y., of counsel), for U. S. as claimant.

Burlingham, Veeder, Clark & Hupper, of New York City, for petitioner.

RIFKIND, District Judge.

On August 18, 1941, a fire broke out on pier 27, Brooklyn, New York. Stored upon the pier and in lighters moored in slips adjacent thereto were construction materials owned by the United States, awaiting shipment on the S. S. Panuco, then berthed on the north side of the pier. The vessel was owned and the pier held under lease by the New York and Cuba Mail Steamship Co. Discharge of the Panuco's cargo had begun about 8 o'clock on the morning of August 18th and at 11:45 A. M. fire broke out on the pier in a pile of sisal that had been discharged from that vessel. The fire eventually caused a loss of, or damage to, the construction materials, the pier, the vessel, her cargo and other property. Several lives were lost.

On February 16, 1942, New York and Cuba Mail Steamship Co. filed its petition in a cause of limitation of liability. "As a matter of precaution" the United States filed its damage claim in the limitation proceedings. It now claims that the petition seeking exoneration from and limitation of liability under sections 4282 to 4285 of the Revised Statutes, as amended, 46 U.S.C.A. §§ 182–185, does not extend to liability for loss or damage to the cargo of the United States on the pier and in the lighters. It seeks to have the monition served on the United States set aside and the injunction issued in the limitation proceedings vacated insofar as it prevents the United States from prosecuting outside this proceeding its claim against the petitioner as lessee of the pier.

In substance, the argument of the moving party is that since the fire originated not on the vessel but on the pier and the lost property of the moving party was not on the vessel, the damage could not be said to have been caused by the vessel so as to bring the vessel or its owner, in relation to this claimant, within the provisions of section 4283 of the Revised Statutes; and as to section 4282, the so-called fire statute, it relies on Constable v. National Steamship Co., 154 U.S. 51, 62, 14 S.Ct. 1062, 1067, 38 L.Ed. 903, where the court said: "In fact, an argument appears to have been made in the district court to the effect that the limited liability act applied to this fire to exonerate the company, but the court held—and doubtless properly—that

a fire originating upon the dock could not be said to have 'happened to the ship,' within the meaning of section 4282, even though the fire extended and did some damage to the vessel".

It is the claimant's contention that the purpose of the limitation statute was not to limit liability with respect to damage the vessel did not inflict. In other words, it declares that its claim is against the lessee of the pier, who by mere coincidence is also the owner of the vessel, and that it ought not to be restrained from proceeding against such lessee, since, concededly, the benefits of the statute cannot be enjoyed by the owner or lessee of the pier, as such.

The claimant's position is exposed to attack by reason of the fact that in the claim filed by it in this very proceeding it attributed its loss to the negligence of the vessel and its owner. Realizing the vulnerability of its position arising from the allegations of its damage claim, the claimant in its brief now states "that the United States does not and will not make any claim for its said damage to cargo on the pier or on the lighters in the slip, on the ground that such damage was caused by the act of the Panuco".

No authority dealing squarely with such a situation or even with a closely analogous situation has been called to the court's attention or discovered by independent investigation. Recourse must, therefore, be had to more general principle.

■ The purpose and scope of the limitation statutes were fully defined in Hartford Accident & Indemnity Co. v. Southern Pacific Co., 1927, 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612. The court, after referring to a number of precedents, said (273 U.S. at page 215, 47 S.Ct. at page 359): "It is quite evident from these cases that this court has by its rules and decisions given the statute a very broad and equitable construction for the purpose of carrying out its purpose, and for facilitating a settlement of the whole controversy over such losses as are comprehended within it, and that all the ease with which rights can be adjusted in equity is intended to be given to the proceeding. It is the administration of equity in an admiralty court. Dowdell v. United States District Court, [9 Cir.], 139 F. 444, 445. The proceeding partakes in a way of the features of a bill to enjoin a multiplicity of suits, a bill in the nature of an interpleader, and a creditor's bill. It looks to a complete and just disposition of a many cornered controversy, and is applicable to proceedings in rem against the ship, as well as to proceedings in personam against the owner; the limitation extending to the owner's property as well as to his person. The City of Norwich, 118 U.S. 468, 503, 6 S.Ct. 1150, 30 L.Ed. 134".

Against the background of this general statement we can better understand cases like The Munaires, D.C.E.D.La.1935, 12 F. Supp. 913, where limitation proceedings were entertained on behalf of a vessel and its owner to limit liability arising out of a fire which originated on the pier. The disapproval of this case expressed in Fyfe v. Pan-Atlantic S. S. Corp. (The Lighter Sydney), 2 Cir., 114 F.2d 72, 1940 A.M.C. 1037, is on another point.

A little closer is In re Pennsylvania Railroad Co., 2 Cir., 1931, 48 F.2d 559, certiorari denied 284 U.S. 640, 52 S.Ct. 21, 76 L.Ed. 544, where the court allowed the City of Long Beach to recover in the limitation proceeding for damage to its boardwalk although the tort was not maritime and limitation was denied, the negligence of petitioner's shore employee having intervened to cause the damage.

We may, therefore, safely conclude that if claimant is obliged to assert all its claims in this proceeding the admiralty court would have power to award it a judgment if the facts warranted it.

■ That being so, should the claimant be compelled to assert all its claims in this proceeding? It seems that economy of judicial effort and regard for the expense of litigants justify an affirmative answer. One of the objects of the limitation statutes is to avoid a multiplicity of suits and to dispose of an entire controversy. Here the claims against the ship and lessee of the pier are inextricably tied together. Indeed, claimant's own brief declares, "It is impossible to tell whether the destruction of or damage to the Navy cargo on lighters in the slip where the Panuco was tied up, was caused by flames from the pier or flames from the Panuco". This is adverted to not in disregard of the claimant's concession already mentioned but only for the purpose of showing that in the claimant's own view of the facts the fire was a single calamity and that the division of responsibility which the claimant now suggests requires analysis of legal considerations and of closely related facts involving the entire transaction.

I conclude that the motion of the claimant should be denied.

The application of Jacob Rice and Sons, another damage claimant, for the identical relief is indistinguishable and is similarly denied.