**Petition of GOULANDRIS et al.**

**THE IOANNIS P. GOULANDRIS.**

District Court, S. D. New York.
April 7, 1943.

Bigham, Englar, Jones & Houston, of New York City (John W. R. Zisgen, of New York City, of counsel), for claimants.

Reid, Cunningham & Freehill and Hatch & Wolfe, all of New York City (Carver W. Wolfe, of New York City, of counsel), for petitioners.

BRIGHT, District Judge.

The claimants ask for an order dismissing the petition for limitation of liability filed herein by the owners of the Steamship Ioannis P. Goulandris, on the ground that the petitioners have not complied with Section 185 of 46 U.S.C.A. and Admiralty Rule 51, 28 U.S.C.A. following section 723. Section 185 provides:

"§ 185. Petition for limitation of liability; deposit of value of interest in court; transfer of interest to trustee.

"The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease. (As amended June 5, 1936, c. 521, § 3, 49 Stat. 1480.)"

Prior to the amendment of this section in 1936, no time limitation was fixed for the maintenance of a proceeding similar to this. The purpose of the amendment was to cut down the rights and privileges of the ship owner, to require him to act promptly by setting a time limit where none existed before. The Grasselli Chemical Co., No. 4, D.C., 20 F.Supp. 394, 395, 60 S. Ct. 724, 84 L.Ed. 1027; The Fred Smartley Jr., 4 Cir., 108 F.2d 603-607, certiorari denied S. C. Loveland, Inc., v. Pennsylvania Sugar Co., 309 U.S. 683; The Bright, D.C., 38 F.Supp. 574-577, affirmed 4 Cir., 124 F.2d 45.

The proceedings are entirely statutory, and to avail himself of the right, the owner must bring himself fully within the terms fixed by the statute. Standard Wholesale Phosphate & Acid Works v. Travelers Insurance Co., 4 Cir., 107 F.2d 373-376; In re W. E. Hedger Co., Inc., 2 Cir., 59 F.2d 982, 983. The word "may" in this section means "must". Cantey v. McLain Line, D.C., 40 F.Supp. 887.

A libel by the claimants was filed in this court, and the steamship was seized thereunder on May 15, 1941. Petitioners answered the libel on July 16, 1941, pleading that they were entitled to the benefits of R.S. §§ 4281 to 4286 inclusive (now sections 181 to 186 of 46 U.S.C.A.) and entitled to limit their liability.

On November 3, 1941, the petition herein was filed together with a stipulation for costs in the sum of $250. Nothing further has been done. No deposit has been made of the amount or value of petitioners' interest in the vessel, nor approved security given, nothing has been done to fix the value of such interest; nor has the petitioners' interest in the ship been transferred, nor have they done anything required by the statute other than to file the petition and stipulation for costs. It is urged by them that the statute does not require more than they have done, and that the transfer or deposit or the giving of security may be made at any time after the six months have expired. I do not think the statute can be so construed. It requires within the six months the petition "and" the deposit or transfer.

The section not having been complied with, the petition is dismissed.