**Petition of AMERICAN M.A.R.C., INC., for exoneration from, or limitation of, liability of owner of a certain American vessel known as THE MARC C-30, Hull No. 1490.**

**No. 63–397.**

United States District Court
S. D. California,
Central Division.

Dec. 23, 1963.

———◆———

Robert Sikes, Los Angeles, Cal., for petitioner.

Lloyd E. Blanpied, Jr., Newport Beach, Cal., for claimant Joe Ann Ruis.

Magana, Olney, Levy, Cathcart & Gelfand Los Angeles, Cal., for claimant Sue Prather.

BYRNE, District Judge.

It appears that on or about February 26, 1961, Robert J. Ruis and Luther Bruce Outlaw were upon a boat belonging to American M.A.R.C., Inc., petitioner, and due to some set of circumstances they were drowned.

Joe Ann Ruis (hereinafter referred to as Claimant) was made administratrix of the estate of Robert J. Ruis; and Sue Prather was made administratrix of the estate of Luther Bruce Outlaw.

On or about February 28, 1962, claimant made an application to the California Industrial Accident Commission for the purpose of obtaining death and burial benefits under the Workmen's Compensation Laws of California. A copy of this application, which is in fact a kind of pleading, was sent to petitioner, who admits receiving it at about that time. This, it appears, was the only notice given to the petitioner until lawsuits were filed against it in the Superior Court of the State of California in and for the County of Los Angeles by claimant and Sue Prather.

On April 5, 1963, which was within six months after the filing of the above-mentioned lawsuits, petitioner filed a "Petition for Exoneration from or Limitation of Liability * * *", and an order issued directing monition and enjoining the suits.

On May 24, 1963, Sue Prather filed a claim for damages for the death of Luther Bruce Outlaw; and on June 12, 1963, claimant filed a claim for damages for the death of Robert J. Ruis.

Then on November 19, 1963, both claimant and Sue Prather filed a notice of motion and motion to dismiss the petition and vacate all restraining orders. The ground of the motion is that petitioner has failed to comply with the provisions of 46 U.S.C. § 185 in that the petition was not timely. It is that motion which is now before the court.

 Title 46, United States Code, section 185 reads, in pertinent part, as follows:

"The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter * * *."

It is perfectly clear that the petition was not filed within six months of the sending of the application before the Industrial Accident Commission to the Petitioner, so if that were "written notice of claim * * *" within the meaning of this section, the petition must be dismissed, at least as to claimant. This follows since it has been said that "may" in the section really means that an owner "must" file within six months or not at all. See e. g., Petition of Ioannis P. Goulandris, 50 F.Supp. 452 (S.D.N.Y.1943), affirmed, 140 F.2d 780 (2d Cir.), cert. denied, Goulandris v. American Tobacco Co., 322 U.S. 755, 64 S.Ct. 1268, 88 L.Ed. 1584 (1944); and Cantey v. McLain Line, 40 F.Supp. 887 (S.D.N.Y.1941). As the courts have said, the purpose of the six months limitation, which was put into the section by amendment in 1936, was to require the owner to act promptly, or not at all. The section had been greatly abused before the amendment, and delays, waste and expenses had followed in the wake of the abuses, as is usually the case. See e. g., The Fred Smartley, Jr., 108 F.2d 603 (4th Cir.), cert. denied sub nom., S. C. Loveland, Inc. v. Pennsylvania Sugar Co., 309 U.S. 683, 60 S.Ct. 724, 84 L.Ed. 1027 (1940); Petition of Ioannis P. Goulandris, 50 F.Supp. 452 (S.D.N.Y.1943), affirmed, 140 F.2d 780

(2d Cir.), cert. denied, Goulandris v. American Tobacco Co., 322 U.S. 755, 64 S.Ct. 1268, 88 L.Ed. 1584 (1944); The Bright, 38 F.Supp. 574 (D.Md.), affirmed, 124 F.2d 45 (4th Cir. 1941); and The Irving, 33 F.Supp. 59 (S.D.N.Y.1940). If a petitioner complies with the section he will be able to marshal all of the claims against him in one proceeding. Kutger v. United States, 169 F.Supp. 104 (N.D. Fla.1958). If he does not comply it has been said that the court loses jurisdiction entirely, and it is clear that the court must dismiss the petition in such a case. The Maine, 28 F.Supp. 578 (D.Md.), affirmed, Standard Wholesale Phosphate & Acid Works v. Travelers Ins. Co., 107 F.2d 373 (4th Cir. 1939).

■ At the outset it should be noted that even though Sue Prather failed to file a written claim with petitioner before she initiated her suit in the California Superior Court, if the notice given by claimant was effective it would start the six month period running for all persons involved. See The Grasselli Chemical Co. No. 4, 20 F.Supp. 394 (S.D.N.Y.1937), which appears to be the leading case on this point. This view has been criticized as putting an undue burden upon the owner (Benedict on Admiralty, vol. 3, p. 352 § 483 (1940)), but it has been followed by other courts and appears to be the law.

It is apparent that the motion which was served upon the petitioner in this action amply meets the general rule as to notice, and complies with the requirements of the cases.

■ Thus, were it not for one other hurdle, the claimant would be entitled to have the petition dismissed. But the courts have imposed another requirement, that is, the notice must be of a claim with respect to which the petitioner is entitled to limit his liability. This requirement was set out as early as 1938 in Petition of Hutchinson, 28 F.Supp. 519 (E.D.N.Y.1938). In Hutchinson claimants were injured in an explosion on a boat. They were taken to, and spent some time in, a certain hospital. It was alleged that petitioner had told the doctors at the hospital he would pay the bills. After the claimants left the hospital without paying, the hospital called upon the petitioner to pay. By then he had had some second thoughts and he refused, whereupon the hospital wrote him a letter asking for the money. The claimants themselves never gave petitioner any written notice whatever until suit was filed.

First the court said that it was obvious that the hospital could not make the claim for the injured persons. It went on to say that if the hospital had any claim against the petitioner it was a mere contractual claim, and not the kind which was subject to limitation. The court then said at page 520 of 28 F.Supp.:

"It seems to me that the claimant must be a person who gives or files notice that he claims damages for something for which the shipowner may possibly limit his liability in accordance with the Statute and the Admiralty Rules."

In the case now before the court the papers which were served upon the petitioner by the claimant clearly constitute a notice of a claim under the Workmen's Compensation Laws of California. In this regard Title 33, United States Code, section 948 reads:

"Nothing in sections 183, 184–186, 188, or 189 of Title 46, shall be held to limit the amount for which recovery may be had * * * (2) in any proceeding for compensation, any addition to compensation, or any civil penalty."

In 1951 the Court of Appeals for the Second Circuit was faced with a case which was almost exactly like the one which is now before the court. Where it differed it was more strongly in favor of the claimant. In Petition of Spearin, Preston & Burrows, 190 F.2d 684 (2d Cir. 1951), the claimant's daughter had written a letter to petitioner a few days after the claimant's injury, which had occurred on March 8, 1944. In the letter she said that she would look to petitioner

for claimant's "expenses". After that, and sometime before August 4, 1944, the claimant initiated a proceeding under the New York Workmen's Compensation Law. This proceeding was dismissed and claimant filed a lawsuit on May 29, 1945. The petition was filed within six months after the lawsuit, but not within six months of the other notices.

The court characterized the first notice, as a compensation claim, and looking to 33 U.S.C. § 948, supra, said:

> "Such authority as there is on the point supports the view that a notice which starts the running of the six months' period must be notice of a claim of a kind subject to limitation * * * [claimant's]. * * * daughter only claimed 'expenses,' a compensation claim not subject to limitation * * *."

The court then refused to dismiss the petition since it was filed within six months of the first effective written notice—the lawsuit. The court did not specifically mention the proceeding under the Workmen's Compensation Law, but it is clear that its reasoning encompassed it, and the very fact that the court did not dismiss the petition is an indication that the court felt that it was not effective to give notice either.

█ This view seems reasonable since the real purpose of the six months limitation was to preclude the interjection of undue delays and expense into proceedings. This had often occurred through the filing of a petition after trial on the merits had started, or even after judgment had gone for the claimants. If petitioner wanted to limit his liability after the amendment of 1936 he was to act quickly before the claimant prejudiced himself and incurred expenses which were unnecessary. Petitioner is hardly on notice that he had better act when he is merely informed that the claimant will look to him to fulfill his obligations under the Workmen's Compensation Laws, for petitioner knows that no limitation of that claim can be had in any case. Really, the notice which is thus given is very limited, and petitioner can rightly feel that it would be a useless procedure to set out to limit liability at that point. Of course, the mere fact that a petitioner knows that an accident has occurred and that someone has a grievance against him is of no significance. He must have effective written notice of a claim before the time limitation starts to run against him.

Therefore, neither the claimant nor Sue Prather is entitled to have the petition dismissed.

Counsel for petitioner is directed to prepare, serve and lodge a formal order pursuant to Rule 7 of the rules of this court.