**JUNG HYUN SOOK et al.,**
**Claimants–Appellants,**

v.

**GREAT PACIFIC SHIPPING COMPANY and Lasco Shipping Company,**
**Complainants–Appellees.**

**No. 78–2985.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 1980.

Decided Nov. 6, 1980.

---

· John A. Flynn, Graham & James, San Francisco, Cal., for claimants–appellants.

Paul H. Due, Due, Dobson & Degravelles, Baton Rouge, La., for complainants–appellees.

Before GOODWIN, Circuit Judge, MARKEY *, Chief Judge, and BOOCHEVER, Circuit Judge.

BOOCHEVER, Circuit Judge.

■  This case involves the notice of claim requirements of 46 U.S.C. § 185,[1] which allows a vessel owner to petition for a limitation of liability within six months after a claimant gives the owner a "written notice of claim." The issue is whether the filing of a law suit in Korea against an alleged agent of the vessel owner for damages sustained in a maritime accident constituted "written notice of claim" under § 185 sufficient to begin the six month statute of limitations applicable to limitation of liability actions. We hold that it does not.

On February 13, 1977, the ship M/V ROSE S and its crew of thirty–one seamen were lost at sea. In February and March of 1977, Great Pacific Shipping Company ("Great Pacific"), a Liberian corporation and the vessel owner, and Lasco Shipping Company ("Lasco"), an Oregon corporation and managing agent of the ROSE S, signed settlement and release agreements with the survivors of thirty of the crewmen. The only parties not entering into a settlement were the personal representatives of the ship's radio operator.

These representatives filed suit ("Korean suit") against Lasco Shipping Corporation of Busan, Korea ("Busan"), the Korean sub-agent of the vessel, in the district court of Busan, Korea. The plaintiff in the Korean suit alleged that the ROSE S sank because it was loaded with cargo beyond its capacity and Busan, as owner, was liable for the damages caused by the presumed death of the radio operator. Busan answered the complaint. On September 15, 1977, how-

---

* Honorable Howard T. Markey, Chief Judge, U.S. Court of Customs and Patent Appeals, sitting by designation.

1.  46 U.S.C. § 185 provides in pertinent part:
    The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability .... Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease.

ever, the Korean suit was voluntarily dismissed.

On October 12, 1977, the personal representatives of all thirty-one crewmembers filed suit under the Jones Act[2] in the United States District Court for the Northern District of California, seeking damages resulting from the deaths ("California Suit").[3] The suit named, among others, Great Pacific and Lasco as defendants. These defendants filed a petition for limitation of liability under section 185 on April 7, 1978. Thereafter, the district court issued an order restraining the further prosecution of the Jones Act suit pending determination of the limitation of liability issue.

■ On June 6, 1978, the representatives moved to dismiss the limitation action. They asserted that the limitation action, filed on April 7, 1978, was not filed within the six-month period prescribed by section 185 because the filing of the Korean suit on March 15, 1977, constituted "written notice of claim." Thus, the limitation action would be barred because more than six months had elapsed between the filing of the Korean suit and the filing of the limitation action. The district court rejected this argument and held that the limitation action was timely filed since it was filed within six months of the filing of the California suit. This interlocutory appeal followed.[4]

The sole issue we need to address is whether the filing of the Korean suit constituted written notice of claim within the meaning of 46 U.S.C. § 185. The district court held that it did not because even assuming Busan was an agent of Great Pacific and Lasco, the Korean suit was not one for which Great Pacific and Lasco could limit their liability.[5]

The reasoning of the district court involves a simple syllogism. It is well established that a notice which begins the six-month statute of limitations must be notice of a claim subject to limitation.[6] The Korean suit was not a claim for which liability could be limited because any order regarding the limitation proceeding would have no effect on a suit filed in a foreign court.[7] Therefore, the notice of the Korean suit did not constitute notice as required by the statute.[8]

2. 46 U.S.C. § 688, the Jones Act, states in part:
   [I]n case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury . . . .

3. The representatives apparently asserted that the executed releases were invalid.

4. 28 U.S.C. § 1292(a)(1) grants appellate jurisdiction over appeals from interlocutory orders of the district court continuing injunctions. Since the district court did not grant the motion to dismiss the petition for limitation, the injunction against further prosecution of the Jones Act suit continues. Thus, jurisdiction is proper under § 1292(a)(1).

5. Great Pacific argues that because the Korean complaint alleges that Busan's actions, not the vessel owner's, caused the maritime accident, the complaint could not possibly have given Great Pacific notice that any suit would be filed against it. The Korean complaint states, however, that the defendant corporation, Busan, as owner of the vessel, is liable for the damage caused by the accident. Assuming that Busan was Great Pacific's agent and notice to Busan could be imputed to Great Pacific, we believe the complaint was sufficient to inform Great Pacific that the complainant blamed the owner

(Great Pacific) for the accident. The district court stated, however, that it was unclear whether an agency relationship existed between Busan, and Great Pacific and Lasco. Our holding renders a discussion of the agency issue unnecessary.

6. See Petition of Spearin, Preston & Burrows, 190 F.2d 684, 686 (2d Cir. 1951); Petition of American M.A.R.C., Inc., 224 F.Supp. 573, 575 (S.D. Cal. 1963); Petition of Anthony O'Boyle, 51 F.Supp. 430, 431 (S.D.N.Y. 1943); Petition of Hutchinson, 28 F.Supp. 519, 520 (E.D.N.Y. 1938).

7. See British Transport Commission v. United States, 354 U.S. 129, 142, 77 S.Ct. 1103, 1110, 1 L.Ed.2d 1234 (1957); Petition of A/S J. Ludwig Mowinckels Rederi, 268 F.Supp. 682, 690 (S.D. N.Y. 1967), aff'd 422 F.2d 728 (2d Cir. 1970); In Re Bloomfield Steamship Co., 227 F.Supp. 615, 617 (E.D. La.1964), aff'd 363 F.2d 872 (5th Cir. 1966), cert. denied 386 U.S. 913, 87 S.Ct. 864, 17 L.Ed.2d 785 (1967).

8. An affidavit submitted by a Korean attorney stated that:
   Paragraph 3 of Article 750 of the Korean Commercial Code provides that a shipowner shall not have the benefit of limitation of

We find the reasoning of the district court persuasive because it is consonant with one of the purposes of the limitation proceeding itself and the purpose of the six–month statute of limitation applicable to limitation proceedings.

> [A] purpose of § 185 is to permit all actions to be consolidated in one action which will dispose of all claims.

*Complaint of Caldas*, 350 F.Supp. 566, 575 (E.D. Pa.1972), *aff'd* 485 F.2d 678 (3d Cir. 1973).[9] That purpose is effectuated by 46 U.S.C. § 185 which provides in part:

> Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease.

This is accomplished by the issuance of an injunction restraining all other suits in any court against the shipowner until determination of the limitation proceeding.[10] Here, the claims could not be consolidated since the Korean lawsuit would continue regardless of an injunction order by a United States district court.

Second, the result reached is consistent with "the real purpose of the six months limitation [which] was to preclude the interjection of undue delays and expense into proceedings." *Petition of American M.A.R.C., Inc.*, 224 F.Supp. 573, 576 (S.D. Cal. 1963).[11] Before the 1936 amendment to section 185, which added the six month statute of limitations, undue delay was caused because owners often waited to file the limitation petition until after a trial on the merits or even after the claimants had received a favorable judgment. *Id.* In this case, the petition for limitation was filed promptly after the California suit was commenced.

Moreover, requiring the owner to file a limitation action when no pending claim is subject to limitation would place an unnecessary burden on both vessel owners and the courts. The court's statement in *American M.A.R.C.* is relevant here:

> Petitioner is hardly on notice that he had better act when he is merely informed that the claimant will look to him to fulfill his obligations under the Workmen's Compensation Laws, for petitioner knows that no limitation of that claim can be had in any case. Really, the notice which is thus given is very limited, and petitioner can rightly feel that it would be a useless procedure to set out to limit liability at that point.

*Id.*

Finally, we find the representatives' two attacks on the district court's logic without merit. The first argument is that the cases,[12] holding that the notice required is notice of a claim subject to limitation, are distinguishable. The representatives assert that the claims in those cases were limited in amount, unlike the claims asserted here, and did not exceed the value of the vessel. Thus, the shipowners in the cited cases

---

liability in the event of death or injury to the Master, seaman or any other employee of the vessel. In the event of a civil action brought in a Korean court against a shipowner for death or injury to a vessel officer or crewmember, the shipowner could not, under Korean law, limit its liability.

The Korean suit was not one in which the owner of the ROSE S could have limited liability, either under American or Korean law.

**9.** *See Universal Towing Co. v. Barrale*, 595 F.2d 414, 417 (8th Cir. 1979); *Petition of Bloomfield Steamship Co.*, 422 F.2d 728, 733 (2d Cir. 1970); *The Quarrington Court*, 102 F.2d 916, 919 (2d Cir. 1939), *cert. denied* 307 U.S. 645, 59 S.Ct. 1043, 83 L.Ed. 1525 (1939); *Petition of Canada S.S. Lines*, 93 F.Supp. 549, 551 (N.D. Ohio 1950), *aff'd* 185 F.2d 1019 (6th Cir. 1950); *The Panuco*, 47 F.Supp. 249, 250 (S.D.N.Y. 1942).

**10.** *See Metropolitan Redwood Lumber Co. v. Doe*, 223 U.S. 365, 372, 32 S.Ct. 275, 56 L.Ed. 473 (1912); *Universal Towing Co. v. Barrale*, 595 F.2d 414, 417 (8th Cir. 1979); *The Salvore*, 36 F.2d 712, 713 (2d Cir. 1929); G. Gilmore & C. Black, The Law of Admiralty §§ 10–16, at 862 (2d ed. 1975) (hereinafter "Gilmore").

**11.** *See Petition of Goulandris*, 140 F.2d 780, 781 (2d Cir. 1944), *cert. denied* 322 U.S. 755, 64 S.Ct. 1268, 88 L.Ed. 1584 (1944); *The Fred Smartley, Jr.*, 108 F.2d 603, 607 (4th Cir. 1940), S.C. Loveland Inc. v. Pennsylvania Sugar Company, *cert. denied* 309 U.S. 683, 60 S.Ct. 724, 84 L.Ed. 1027 (1940); 3 I. Hall, Benedict on Admiralty § 15, at 2–15, –17 (7th ed. 1980) (hereinafter "Benedict").

**12.** *See* cases in note 5, *supra.*

would not benefit from a limitation proceeding. Assuming *arguendo*, that the nature of the claims are distinguishable, the distinction is not significant. Great Pacific would not have received any benefit by invoking a limitation proceeding, since the Korean suit would not be affected.

Second, the representatives argue that since a limitation proceeding is an anticipatory protective device, a vessel owner can seek its benefits whenever liability becomes at all possible. Although this is true, it is irrelevant in determining what type of notice is required before the limitation action must be filed. As we have noted, it makes little sense to require the owner to file when the limitation action could neither limit the owner's liability nor halt the other proceeding.

Since the Korean suit did not constitute "written notice," the limitation action was timely filed. Accordingly, the district court's denial of the motion to dismiss the petition for limitation is affirmed.