**Nell Molane HEBERT wife of/and Leray W. Hebert, Jr.**

v.

**EXXON CORPORATION, et al.**

**In the Matter of the Complaint of EXXON SHIPPING COMPANY, as Owner of the Exxon Barge No. 334 for Exoneration From and Limitation of Liability.**

Civ. A. Nos. 86–582, 86–2342.

United States District Court, E.D. Louisiana.

April 22, 1987.

T. Peter Breslin, Metairie, La., for Hebert.

E. Burt Harris, New Orleans, La., for Exxon Corp.

## ORDER AND REASONS CLAIMANTS' MOTION FOR SUMMARY JUDGMENT

MENTZ, District Judge.

Exxon Shipping Company filed this suit seeking to limit its liability for the damages sustained in the explosion of Exxon Barge 334. The claimants brought a motion for summary judgment on the basis that the petition for limitation of liability was not timely filed. The Court heard oral argument on March 18, 1987 and took the matter under submission. The Court now renders its ruling.

■ Under 46 U.S.C. § 185, a vessel owner has six months after a claimant gives written notice of a claim to petition for limitation of liability. The notice which begins the six-month statute of limitations must be notice of a claim subject to limitation. *Jung Hyun Sook v. Great Pacific Shipping Company*, 632 F.2d 100, 102 (9th Cir.1980); *Petition of American M.A.R.C., Inc.*, 224 F.Supp. 573, 575 (S.D.Calif.1963).

The explosion of Exxon's barge occurred on November 13, 1985. Two days later, a barge owned by Hollywood Marine, Inc. hit the partially submerged wreckage of Exxon's barge. On November 29, 1985, Exxon received written notice of a claim for damages sustained by Hollywood Marine's barge. Exxon's petition for limitation of liability was filed on June 5, 1986, more than six months after receipt of Hollywood Marine's claim.

The issue before the Court is whether Hollywood Marine's written notice of claim was notice of a claim subject to limitation which would trigger the six-month statute of limitations.

■ Under the Wreck Act, 33 U.S.C. § 409, the owner of a sunken vessel having knowledge of the fact of the wreck must exercise due diligence to mark and buoy the wreck. *The Snug Harbor*, 53 F.2d 407, 410 (E.D.N.Y.1931). Limitation of liability may be asserted by the vessel owner for damages caused by its wrecked vessel; *Eastern Steamship Corp. v. Great Lakes Dredge & Dock Co.*, 256 F. 497 (1st Cir. 1919); *The Snug Harbor*, 46 F.2d 143, 144– 145 (E.D.N.Y.1930); however, failure to comply with the requirements of the Wreck Act precludes the vessel owner from limiting its liability. 3 Benedict on Admiralty § 32, pp. 4–5 and 4–6 (7th ed. 1986). Thus, whether the owner of a sunken vessel will be entitled to the benefits of the provisions of § 185 depends on the circumstances of the case, including: the owner's knowledge of the sinking; the owner's diligence in complying with the requirements of the Wreck Act; the cause of collision with the wreck; and the owner's privity or knowledge of the fault of the collision with the wreck. *See, e.g., United States v. Nassau Marine Corp.*, 778 F.2d 1111, 1114 (5th Cir.1985); *Nunley v. M/V Dauntless Colocotronis*, 696 F.2d 1141, 1147 (5th Cir. 1983), on rehearing, 727 F.2d 455 (1984); *Continental Oil Company v. Bonanza Corporation*, 677 F.2d 455, 466–468 (5th Cir.1982), on rehearing, 706 F.2d 1365 (1983); *Berwind-White Coal Mining Co. v. Pitney*, 187 F.2d 665, 669 (2d Cir.1951).

■ The written notice of Hollywood Marine's claim received by Exxon on November 29, 1985 was notice of a claim for which Exxon might have asserted limitation of liability, therefore commencing the six-month statute of limitations provided for in § 185. Thus, Exxon's petition for limitation of liability, which was filed on June 5, 1986, more than six months after receipt of Hollywood Marine's claim, was not timely filed.

Accordingly,

IT IS ORDERED that the claimants' motion for summary judgment is GRANTED.