**Nell Molane HEBERT, wife of/and Leray W. Hebert, Jr.**

v.

**EXXON CORPORATION, et al.**

**In the Matter of the Complaint of EXXON SHIPPING COMPANY, As Owner of the EXXON BARGE NO. 334 for Exoneration From and Limitation of Liability.**

Civ. A. Nos. 86–582, 86–2342.

United States District Court, E.D. Louisiana.

Oct. 29, 1987.

T. Peter Breslin, Metairie, La., for Hebert.

E. Burt Harris, New Orleans, La., for Exxon Corp.

## ORDER AND REASONS ON RECONSIDERATION OF CLAIMANTS' MOTION FOR SUMMARY JUDGMENT

MENTZ, District Judge.

Before the Court is Exxon Shipping Company's (Exxon) motion for reconsideration of the Court's order granting the claimants' motion for summary judgment, 659 F.Supp. 130 (E.D.La.1987).

Exxon Barge 334 exploded and sank on November 13, 1985 resulting in loss of life, personal injuries, and property damage. Two days later, a barge owned by Hollywood Marine, Inc. (Hollywood Marine) collided with the partially submerged wreckage of Exxon Barge 334. On June 5, 1986, Exxon filed the instant petition for limitation of liability as to the claims arising out of the explosion. The claimants herein brought a motion for summary judgment on the basis that the petition for limitation of liability was not timely filed. The Court granted the claimants' motion and held that when Exxon received the written notice of Hollywood Marine's claim, the six-month statute of limitations commenced, so that Exxon's petition, filed more than six months thereafter, was untimely. The Court's ruling was premised on the finding that Hollywood Marine's claim for damage to its barge was a claim for which Exxon might have asserted limitation of liability. Such a finding is crucial to the Court's ruling because the notice which begins the six-month statute of limitations must be notice of a claim subject to limitation of liability. *See Jung Hyun Sook v. Great Pacific Shipping Company*, 632 F.2d 100, 102 (9th Cir.1980); *Petition of American M.A.R.C. Inc.*, 224 F.Supp. 573, 575 (S.D.Calif.1963).

In its motion for reconsideration, Exxon argues that Hollywood Marine's written notice was not notice of a claim subject to limitation of liability because the amount of Hollywood Marine's claim ($5,738.84) did not exceed the value of the sunken Barge 334 ($7,500). It is an established principle that a petition for limitation of liability cannot be sustained where the amount claimed is concededly less than the value of the vessel. *The Aquitania*, 20 F.2d 457 (2d Cir.1927). Thus, such a claim would not trigger the six-month statute of limitation. *Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 34 (2d Cir.1982). The purpose of not requiring the owner to file a petition unless all claims and possible claims exceed the value of the vessel is to avoid obligating the owner "to go to the expense of posting security and taking other steps necessary to commence a limitation proceeding.... [T]o require the filing of a petition for limitation of liability would serve no purpose other than to clog the courts with unneeded petitions and cause great expense to shipowners without in any way benefitting claimants." *Id.* at 34. However, where the vessel owner receives notice of a claim for less than the value of the vessel, yet he is also aware that "other

claims likely to be the subject of litigation arising out of the same occurrence may exceed the value of his ship," he must file his petition within six-months of receiving the first notice of a claim, no matter how small, or otherwise be barred from asserting limitation of liability. *Id.; Complaint of United States Lines, Inc.,* 616 F.Supp. 315 (D.C.N.Y.1985); *The Victoria,* 3 F.2d 330 (W.D.Wash.1924).

■ In the instant case, Hollywood Marine's claim was clearly less than the value of the sunken Barge 334. Thus, the question becomes whether there were other claims likely to be the subject of litigation arising out of the same occurrence which might exceed the value of the barge.

Exxon does not contest that when it received Hollywood Marine's written notice, it knowingly faced a wrongful death claim, as well as several claims for personal injury which predictably would exceed the $7,500 value of the sunken barge. The crux of Exxon's argument is that the explosion of Barge 334 was a separate and distinct incident from the subsequent barge collision, such that the claims arising from the explosion cannot be combined with collision claim in order to trigger the limitation period upon receipt of Hollywood Marine's claim. Along this line, Exxon also argues that limitation of liability applies to disasters occurring on a particular voyage, which in this case ended when the vessel sank, and not to claims arising subsequent thereto, such as the collision with the wreck.

Exxon offered the following hypothetical in support of its argument:

[I]n year 1 an explosion occurred sinking a barge and the bargeowner successfully limited his liability to those damaged in the explosion in a proceeding that reached its conclusion by year 3; then, in year 4, the sunken barge is struck by another vessel resulting in claims greatly exceeding the value of the sunken barge at that time.

Exxon reasons that because the claimants from the collision in year 4 would not be precluded from filing their claims, even though the shipowner had already limited his liability, the two incidents are separate and distinct. The hypothetical is not analagous because it disregards the fact that in the case at bar Exxon had notice of both the explosion and the collision. Obviously, in Exxon's hypothetical the collision in year 4 cannot be part of a suit to limit liability in years 1–3. However, the claimants from the collision in year 4 could proceed against the persons responsible for the sinking, whether it be the owner of the wrecked vessel or a non-owner, based on general tort principles of causation. In *Nunley v. M/V Dauntless Colocotronis,* 727 F.2d 455 (5th Cir.1984), the court held that when a vessel sustains damage by striking an unmarked wreck, the remedy is not necessarily limited to pursuing the owner of the wreck for failure to mark. The negligent non-owner responsible for sinking the wreck may also be liable, even where the sinking occurred three years prior to the collision with the wreck. The owner's failure to mark its wreck does not necessarily constitute a superseding cause of the subsequent collision. *Id.* at 465. Thus, the court recognized the causal link between a negligent sinking and a subsequent collision with the wreck.

■ Further, the Barge 334 was not on a voyage at the time of the explosion, but was in dry dock. Thus, the rule that an owner may limit liability only for a particular voyage is inapplicable to the case at bar. *See The Pelotos,* 21 F.2d 236, 239 (E.D.La.1927). When a vessel is not on a voyage, the unit of limitation is the event, accident, or disaster giving rise to the claim or group of claims. 3 Benedict on Admiralty § 53 at 6–11.

■ The Court finds that the collision of Hollywood Marine's barge with the wreck of Barge 334 "arises out of" the explosion of Barge 334. But for the explosion, there would have been no sunken vessel for Hollywood Marine's barge to strike. The collision and the explosion are proximately related.[1] Thus, when Exxon received written

---

1. The Court makes this finding based on the      uncontested facts before it and without deter-

notice of Hollywood Marine's claim on November 26, 1985, the six-month statute of limitations commenced. Consequently, Exxon's petition for limitation of liability, which was filed on June 5, 1986, was untimely.

In view of the foregoing,

IT IS ORDERED that the claimants' motion for summary judgment is GRANTED.

mining any negligence or liability of any party.