UNITED STATES of America, Plaintiff—Appellee,

v.

Todd Patrick MCCORMICK, Defendant—Appellant.

No. 00–50211.

D.C. No. CR–97–000997–GHK–1.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided Dec. 5, 2002.

---

§ 2255 because it cannot be advanced without development of facts outside the record).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before KLEINFELD and GRABER, Circuit Judges, and COLLINS,* District Judge.

## MEMORANDUM **

McCormick pleaded guilty to conspiracy to manufacture and distribute marijuana in violation of 18 U.S.C. § 371, reserving, however, his right to appeal the district court's decision that a "medical necessity" defense was unavailable to him. The district court so determined both because there was no such defense as a matter of law, and because McCormick "failed to meet the threshold requirements for asserting the defense" if it existed.

McCormick's initial argument rests on our decision in *United States v. Oakland Cannabis Buyers' Cooperative*, 190 F.3d 1109 (9th Cir.1999) (per curiam). Our judgment in that case was reversed, however, in *United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001). That case holds that "medical necessity is not a defense to manufacturing and distributing marijuana." *Id.* at 494, 121 S.Ct. 1711.

We invited supplemental briefs after the Supreme Court decision came down. McCormick had submitted evidence of severe illness for which marijuana provided him with relief. He argues that the Court's holding does not preclude him from asserting a medical necessity defense because the decision leaves undecided whether such a defense applies to a seriously ill patient who manufactures marijuana "for his own personal use and for whom there is no alternative means of avoiding starvation or extraordinary suffering."

We need not and do not decide whether there remains a medical necessity defense for such a patient who manufactures marijuana solely for personal use. The charge to which McCormick pleaded guilty was conspiracy to manufacture and distribute, not merely manufacture and possession for his own use. Because McCormick has admitted that he conspired to distribute marijuana commercially, there is no factual predicate upon which to decide whether McCormick would be entitled to manufacture marijuana "for his own personal use and for whom there is no alternative means of avoiding starvation or extraordinary suffering." The Court held in a footnote that "there is no medical necessity exception to the prohibitions at issue, even when the patient is 'seriously ill' and lacks alternative avenues for relief," *id.* at 494 n. 7, 121 S.Ct. 1711, so McCormick's serious illness cannot be a predicate for such a defense to his charge. The facts to which McCormick stipulated as part of his plea proceedings established that there was a six-figure investment in the operation, annual earnings of $710,000 to $999,000 were anticipated, and he possessed 4,116 marijuana plants, for too much for one person to use.

McCormick also argues that the statute prohibiting manufacture and distribution of marijuana is, when applied to wholly intrastate activities, outside the powers granted to Congress in the Commerce Clause and otherwise unconstitutional. We need not and do not reach these constitutional questions, because McCormick's plea agreement expressly waived his right

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to appeal anything but the district court's "'medical necessity' decision."

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.