UNITED STATES of America,
Plaintiff–Appellee,

v.

Lynn W. OSBURN, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Judy Tompkins Osburn, aka Judy
Osburn, Defendant–
Appellant.

Nos. 04–50176, 04–50177.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2006.*

Filed March 1, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Patrick R. Fitzgerald, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

William G. Panzer, Esq., Attorney at Law, Oakland, CA, Nancy Lord Johnson, M.D., Pahrump, NV, for Defendant–Appellant.

Before: KOZINSKI, TROTT and BEA, Circuit Judges.

### MEMORANDUM **

■ 1. Defendants were not charged with *using* marijuana. Defendants therefore lack standing to raise a due process challenge to the federal prohibition on marijuana use. *See Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

2. Defendants have not shown that they were prejudiced by the classification of marijuana as a Schedule I controlled substance, since 21 U.S.C. § 856 regulates controlled substances in general, rather than only Schedule I controlled substances. Because a rescheduling of marijuana would not have affected defendants' criminal liability, defendants lack standing to bring an equal protection challenge to the indictment. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180—81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (to demonstrate Article III standing, party must show that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision").

■ 3. Given the numerous public statements by federal officials indicating that marijuana remained illegal under federal law even after the passage of Proposition 215, *see, e.g., Conant v. Walters,* 309 F.3d 629, 632 & n. 1 (9th Cir.2002), defendants' purported belief in the legality of their conduct under federal law was unreasonable, and they were therefore not entitled to present evidence in support of an entrapment by estoppel or public authority defense. *See United States v. Burrows,* 36 F.3d 875, 882 (9th Cir.1994).

Defendants' purported reliance on our decision in *United States v. Oakland Cannabis Buyers' Cooperative,* 190 F.3d 1109 (9th Cir.1999) (per curiam) (*"OCBC"*), was unreasonable once *OCBC* was reversed by the Supreme Court, *see* 532 U.S. 483, 486, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001). Defendants only pled guilty to counts where the relevant criminal conduct continued 15 months after the Supreme Court's decision in *OCBC.*

■ 4. The mere fact that defendants *complied* with California Health & Safety Code § 11362.5 is insufficient to transform them into "duly authorized officer[s] ... lawfully engaged in the *enforcement* of any law or municipal ordinance relating to controlled substances." 21 U.S.C. § 885(d) (emphasis added). The district court therefore did not err in granting the government's in limine motion to bar the introduction of evidence in support of a section 885(d) defense.

Nor were defendants immune from criminal liability because they were acting as agents of the Los Angeles Cannabis Resource Center. Defendants have cited

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

no authority for the proposition that a corporate agent is immune from criminal liability merely because he acts within the scope of his agency.

5. Because Lynn did not possess a firearm *"solely* for lawful sporting purposes or collection," the district court correctly held that it lacked discretion to depart downward on Lynn's sentence under section 2K2.1(b)(2) of the United States Sentencing Guidelines Manual. (Emphasis added.) Although the line between possessing a gun for protection and possessing one for sport may be a fine one, *see United States v. Lam,* 20 F.3d 999, 1005 n. 2 (9th Cir. 1994), it is not wholly arbitrary and thus is binding.

6. Both Lynn and the government agree that a limited remand to the district court is appropriate "for the purpose of ascertaining whether the sentence imposed [on Lynn] would have been materially different had the district court known that the sentencing guidelines were advisory." *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc). It is so ordered.

**AFFIRMED as to Judy Osburn; AFFIRMED IN PART AND REMANDED IN PART as to Lynn Osburn.**