## THE ARIEL.
## In re BOAT ARIEL, Inc.

District Court, S. D. New York.
Oct. 11, 1939.

Mahar & Mason, of New York City (Frank C. Mason and Edward L. P.

O'Connor, both of New York City, of counsel), for petitioner.

Haight, Griffin, Deming & Gardner, of New York City (Arthur O. Louis, of New York City, of counsel), for libellants.

COXE, District Judge.

This is a motion by various libellants to dismiss a limitation petition filed August 23, 1939, by the Boat Ariel, Inc., owner of the fishing vessel Ariel, which foundered on September 21, 1938, with the loss of all on board. The libellants are the personal representatives of six deceased members of the crew of the vessel.

The stated ground of the motion is that the limitation petition was not filed within six months after "written notice of claim", as required by 46 U.S.C.A. § 185. The letter, which the libellants say constituted written notice of claim, was received by the Boat Ariel, Inc., the owner of the vessel, on January 24, 1939, or more than six months prior to the filing of the limitation petition. This letter reads as follows:

"January 24, 1939.
"Boat Ariel, Inc.,
 "c/o Mr. Frank W. Wilkerson,
 "16 Fulton Fish Market,
 "New York, N. Y.
"Dear Sirs:

"We have been retained by the families of certain of the members of the crew of the fishing boat Ariel to prosecute their claims for damages arising out of the loss of their lives when that vessel foundered on September 21, 1938.

"The information in our possession indicates that the Ariel was unseaworthy when she went to sea and that her owners had knowledge of that condition. Under the decisions we believe that we can establish liability.

"Will you please communicate with us concerning this matter? We are prepared to discuss the merits with a view of adjustment prior to the institution of suit if you are so minded. We enclose a copy of our letter addressed to Moore Industrial Service Company."

 "Your very truly,
  "Haight, Griffin, Deming & Gardner
  "By (signed) Arthur O. Lewis."

I do not think that this letter is a sufficient "notice of claim" to start the running of the six months period. It merely states that the attorneys have been re-

tained "by the families of certain of the members of the crew"; who these members of the crew were is not indicated, nor is there anything to identify them with a fair degree of accuracy. The statute should be given a reasonable interpretation; The Maine, D.C., 28 F.Supp. 578, 1939 A.M.C. 950; The Irving, D.C., 28 F. Supp. 585; but this means something more than notice of claim from anonymous claimants.

The motion to dismiss the limitation petition is denied.