**MERRITT–CHAPMAN & SCOTT CORP. et al. v. WILLARD et al.**

No. 251, Docket 21989.

United States Court of Appeals
Second Circuit.

Argued May 7, 1951.

Decided June 6, 1951.

Galli & Locker, New York City, Urban S. Mulvehill, New York City, of counsel, for appellants.

Frank J. Parker, U. S. Atty. and Irving P. Kartell, Asst. U. S. Atty., Brooklyn, N. Y., William S. Tyson, Solicitor, Ward E. Boote, Assistant Solicitor, Herbert P. Miller, Washington, D. C., and Philip J. Lesser, New York City, Attorneys, United States Department of Labor, Employees' Compensation Division, of counsel, for appellees.

Before SWAN, Chief Judge and AUGUSTUS N. HAND and CLARK, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether Thomas Nilsen, the deceased employee of Merritt-Chapman & Scott Corporation, was a member of the crew of the employer's derrick vessel "Commander," when he sustained the injury—a fall from a bosun's chair—which resulted in his death

on February 26, 1946. The Deputy Commissioner answered this question in the negative, and accordingly found the employee to be within the coverage of the Act, 33 U.S.C.A. § 903.

■ Whether an employee is to be classified as crew member or harbor worker is a question which has given rise to much litigation. Each case turns on its own facts and the administrative decision is not to be reversed if there was evidence to support it. The appellants do not challenge the Deputy Commissioner's findings of fact but contend that the undisputed facts and the inferences fairly to be drawn therefrom establish as a matter of law that Nilsen was a member of the derrick's crew; They assert that Norton v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 430, rather than South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732, is the controlling authority to be applied in the case at bar.

■ The "Commander" was a non-self-propelled rigging barge with a derrick for loading and discharging heavy cargo, and at times she salvaged cargo from vessels which had foundered or lost cargo overboard. The crew consisted of captain, mate, engineer, guy-tender, and two "deck hands" of whom Nilsen was one. He had been attached to the vessel in this capacity for about ten months. He did not have and was not required to have seaman's papers; he was on a monthly payroll, paid semi-monthly, and worked from 8 A.M. to 5 P.M. five days a week, with time and one-half for overtime; he went home at night, except every third night when he stayed aboard and acted as watchman, for which he received extra pay. His duties were to place slings around cargo and at times to clean, paint, grease the fall wires, hang out lights and handle lines on the vessel; but his principal duty was to assist in the loading and discharging of heavy cargo from vessels and barges, and his other duties were incidental to his employment. At the time of his accident he was in a bosun's chair greasing the fall wires. The record does not show what else, if anything, he did on the day of the accident.

Nilsen's primary duties had to do with cargo and were such as are ordinarily performed by harbor workers. The Bassett case, 309 U.S. 251, 260, 60 S.Ct. 544, 84 L.Ed. 732, apparently makes primary duties the test. See also Wm. Spencer & Son Corp. v. Lowe, 2 Cir., 152 F.2d 847, 848. We agree with the district judge that Bassett is the controlling authority. Accordingly the judgment is affirmed.