Petition of SPEARIN, PRESTON & BURROWS, Inc.

THE LAVINIA D.

LUOMA v. SPEARIN, PRESTON & BURROWS, Inc.

No. 278, Docket 22015.

United States Court of Appeals Second Circuit.

Argued June 12, 1951.

Decided July 23, 1951.

Thacher, Proffitt, Prizer, Crawley & Wood, New York City, proctors for claimant-appellant; Joseph M. Brush and Edward C. Kalaidjian, New York City, advocates.

John P. Smith, New York City, proctor for petitioner; Vernon Sims Jones, New York City, advocate.

Before SWAN, Chief Judge, and AUGUSTUS N. HAND and L. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

John Luoma was injured on March 8, 1944, while employed by the petitioner Spearin, Preston & Burrows, Inc., aboard its floating Pile Driver No. 6 under the circumstances set forth below. Several days later Luoma's daughter wrote the petitioner stating that Luoma had been injured and that she would look to the petitioner for his expenses. Receipt of this letter was denied and the court below made no finding on this point. Luoma then claimed compensation under the New York State Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, but this claim was dismissed on August 4, 1944, by consent of the parties. Thereafter, on May 29, 1945, Luoma commenced an action in the New York State Supreme Court to recover damages from the peti-

tioner under the Jones Act, 46 U.S.C.A. § 688. The petitioner then terminated payments that it had theretofore been making to Luoma under the Federal Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., but answered setting up as a defense that its sole liability was under the Longshoremen's Act, supra. Thereafter, on October 18, 1945, within six months of the commencement of the New York action, petitioner instituted this proceeding in admiralty in the Southern District of New York seeking limitation of its liability to $4,000, the asserted value of its launch "Lavinia D." the negligence of which was allegedly the sole cause of the accident in which Luoma was injured. The District Court thereupon conditionally enjoined the action in the New York State Supreme Court. The case was then tried in the Southern District and Luoma's claim was dismissed on the ground that Luoma was a harbor worker and not "a member of a crew" within the meaning of 33 U.S.C.A. § 903 (a) (1) which excludes members of a crew from the coverage of the Longshoremen's Act so that by § 905 of that Act his exclusive remedy was compensation.

Luoma appeals asserting the following errors: (1) The petition for limitation was not timely filed so that he should have been allowed to proceed in the New York State action. (2) Even if the petition was timely filed, the court was in error in enjoining the State Court proceedings unless Luoma conceded petitioner's right to limit its liability. (3) By removing the action to the admiralty court through the petition for limitation of liability the petitioner was estopped from asserting that Luoma's sole remedy was under the Longshoremen's Act. (4) Luoma was in fact "a member of a crew" and, therefore, entitled to sue under the Jones Act.

As the first three assignments of error go to our jurisdiction to decide the ultimate question of whether or not Luoma was "a member of a crew" we will consider Luoma's objections in the order raised.

*(1) The petition for limitation was not filed within six months after receipt of the written notice of claim as required by 46 U.S.C.A. § 185.*

 Luoma asserts that the letter written by his daughter shortly after the accident stating that she would look to petitioner for her father's "expenses" was sufficient "written notice of claim" to start the running of the six months' period within which petitions for limitation of liability must be filed. Such authority as there is on the point supports the view that a notice which starts the running of the six months' period must be notice of a claim of a kind subject to limitation. See Petition of Anthony O'Boyle, Inc., D.C., 51 F.Supp. 430, 431. Luoma's daughter only claimed "expenses," a compensation claim not subject to limitation, 33 U.S.C.A. § 948. Therefore, we conclude that petitioner complied with the statute when it instituted the limitation proceedings within six months of May 29, 1945, the date on which Luoma commenced proceedings in the New York State Court.

*(2) It was improper to enjoin the New York State Court proceedings unless Luoma conceded petitioner's right to limit its liability.*

[3] After the Admiralty Court enjoined Luoma from continuing his action in the State Court unless Luoma conceded that the petitioner was entitled to limit its liability, this court in a different case decided that the sole claimant in a limitation proceeding need only consent to reserve the issue of petitioner's right to limit liability to the Admiralty Court in order to litigate his Jones Act claim in a state court jury action. Petition of Red Star Barge Line, Inc., 2 Cir., 160 F.2d 436, certiorari denied, 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859; Petition of Moran Transportation Corp., 2 Cir., 185 F.2d 386. The order of the District Court was therefore erroneous but such error was waived by appellant, for his proctor repeatedly stated at the trial that he was willing to have the Admiralty Court decide the issues. The error, therefore, does not call for a reversal of the decree.

*(3) Petitioner, by seeking limitation in admiralty, was estopped to assert that Luoma's sole recovery was under the Longshoremen's Act.*

 Contrary to Luoma's contention, we held in In re Spencer Kellogg & Sons, Inc., 2 Cir., 52 F.2d 129, that no such estoppel would arise. That decision was reversed on other grounds *sub nom.* The Linseed King, 285 U.S. 502, 52 S.Ct. 450, 76 L.Ed. 903. Two justices took the position that Luoma seeks to have us adopt here, but the majority of the court did not pass on the point. We have again considered the question and because of the absence of controlling authority *contra* hold that so much of our decision in In re Spencer Kellogg & Sons, Inc., 2 Cir., supra, as dealt with this issue was correct. If Luoma, by electing to sue under the Jones Act, had forfeited his right to compensation under the Longshoremen's Act we might well feel otherwise but as it stands Luoma's right to compensation is specifically preserved, 33 U.S.C.A. § 913 (d), and cannot be limited, 33 U.S.C.A. § 948. We can find no authority for forcing a petitioner against whom an action is brought under the Jones Act to elect between conceding the claimant's right to sue under that Act by seeking to limit liability or denying the right so to sue and giving up any limitation on its liability if it should be proved wrong.

We, therefore, hold that Luoma's procedural objections must fail and go on to determine whether it was error for the admiralty court to decide that Luoma was not a "member of a crew" 33 U.S.C.A. §§ 902(3), 903(a) (1), and therefore was limited to compensation under the Longshoremen's Act.

Pile Driver No. 6 had no motive power of its own, was not registered, enrolled or licensed and had no accommodations for eating or sleeping aboard. Luoma was one of a gang of six men, members of the carpenter's union, rather than a maritime union, who went to work each day, returning home at night. This work, in which Luoma was engaged at the time of the accident, consisted in raising

piles from a catamaran alongside the pile driver, placing them in a vertical position and holding them there while they were driven into the bottom. The dock building gang, of which Luoma was a member, did not remain aboard when the pile driver was moved. A separate watchman came on at night in order to pump out the vessel and set out lights and also tended the tow-line if the pile driver was moved.

The cases dealing with the question of whether or not a given person is or is not "a member of a crew" are legion. They turn on individual fact situations and nothing can be gained by reviewing them here. We think the facts of this case indicate even more strongly than those in South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L. Ed. 732, that the court below was correct in holding that Luoma was not "a member of a crew" and do not feel justified in reversing the finding where at worst no clear error is shown. See also Merritt-Chapman & Scott Corp. v. Willard, 2 Cir., 189 F.2d 791.

The decree of the court below is in all respects affirmed.