Petition of Edward T. **DONNELLY**, an individual, for exoneration from, or limitation of, liability as charterer and owner pro hac vice of a certain vessel known as **THE DEWEY'S**.

No. 506.

United States District Court
N. D. Ohio, W. D.

Dec. 21, 1954.

Cline, Bischoff & Cook, Rolland Dings, Toledo, Ohio, Lord, Bissell & Brook, Chicago, Ill., for petitioner Edward T. Donnelly.

Cobourn, Yager, Notnagle, Smith & Moran, Toledo, Ohio, for Stanley M. Brown, Adm'r etc.

KLOEB, District Judge.

Movant, Stanley M. Brown, Administrator of the Estate of Raymond F. Donnelly, who has filed suit against petitioner in the Court of Common Pleas for Lucas County, Ohio, for damages for wrongful death, moves the Court for an order dismissing petitioner's petition for exoneration from, or limitation of, liability, with prejudice, for the reason that this Court lacks jurisdiction over the subject matter of the action.

The motion is supported by a memorandum, supplemented by the affidavit of Edward R. Moran, one of the attorneys for movant, and by an affidavit of Leo

F. Donnelly, the father of the deceased Raymond F. Donnelly. Petitioner files a memorandum in opposition to the motion and this memorandum is supported by an affidavit of William K. Johnson, one of the proctors for petitioner. To the answer brief of petitioner movant files a reply memorandum.

Raymond F. Donnelly, age 14, was drowned on July 21, 1952, while on a supply boat owned by petitioner and being operated at the time on Maumee Bay.

On July 7, 1953, affiant Edward R. Moran addressed a letter to petitioner as follows:

"Mr. Edward T. Donnelly
"427 Grasser Street
"Toledo 5, Ohio

"Dear Mr. Donnelly:

"We are writing on behalf of Mr. and Mrs. Leo F. Donnelly of Manchester, New Hampshire, with respect to the wrongful death of their only child and son, Raymond F. Donnelly, age 14, who was drowned on July 21, 1952, at approximately 11 o'clock a. m. while on the supply boats owned by you and being operated at that time near Murphy's Harbor, Riverside No. 3 Dock, C & O, Harbor View, Ohio, on the Maumee Bay.

"From our investigation of the facts surrounding this incident and information furnished to us, it is our opinion that as the owner and operator of said supply boats, you are responsible and liable for the wrongful death of said Raymond F. Donnelly and should pay to Mr. and Mrs. Leo F. Donnelly the sum of at least $25,000 to help compensate them for the death of their only child and son.

"Please be advised that unless the sum of $25,000 is paid into this office by not later than August 7, 1953, or satisfactory arrangements have been made with the undersigned or Mr. McNeill, of our office, prior to said time for settlement of this matter, it will be necessary for us to institute legal proceedings against you for said sum together with interest and court costs.

"We are enclosing herewith an extra copy of this letter so that in the event you have insurance, you may turn over either the original or a copy of this letter to your insurance company with instructions for them to confer with us on or before August 7, 1953."

Under date of July 29, 1953, affiant received a reply to his letter from Rolland W. Dings, one of the proctors for petitioner, which reads as follows:

"Edward R. Moran
"Attorney-at-law
"7th Floor, Toledo Trust Building
"Toledo 4, Ohio

"RE: Leo F. Donnelly
"Dear Mr. Moran:

"Your letter of July 7, 1953 to Mr. Edward T. Donnelly with respect to the wrongful death of Raymond F. Donnelly has been referred to me.

"I will be glad to discuss this matter with you at your convenience."

Movant was appointed administrator of the estate of Raymond F. Donnelly on or about February 3, 1954, and, on March 24, 1954, he filed suit against petitioner in the Court of Common Pleas for Lucas County, Ohio, for damages for wrongful death in the amount of $25,000. No other notice of claim was presented to petitioner.

Within six months after the suit was filed petitioner filed his petition in this Court for exoneration from, or limitation of, liability, on September 23, 1954. We are now concerned with the motion to dismiss this petition.

Section 185 of Title 46 United States Code reads in part as follows:

"The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States

of competent jurisdiction for limitation of liability within the provisions of this chapter * * *. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease."

It is the contention of movants that this Court lacks jurisdiction over the subject matter of this action, in that petitioner failed to file his petition for limitation of liability under the foregoing section until after six months had expired from the time petitioner first received written notice of the claim. It is the position of petitioner, in resisting the motion to dismiss, that the notice of July 7, 1953, written in behalf of Mr. and Mrs. Leo F. Donnelly, parents and only surviving next of kin of the deceased, does not meet the requirements of Section 185, in that Mr. and Mrs. Donnelly are not proper claimants and that the only proper claimant could have been the administrator of the estate of the deceased.

Section 2125.02 of the Revised Code of Ohio reads in part as follows:

"An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent. The jury may give such damages as it thinks proportioned to the pecuniary injury resulting from such death to the persons, respectively, for whose benefit the action was brought. * * *"

Movant concedes that there do not appear to be any clear decisions that a "claimant" within the provisions of the Act limiting liability need or need not actually be the injured party or his representative. With this we agree.

Movant cites the case of Standard Wholesale Phosphate & Acid Works, Inc., v. Travelers Ins. Co., 4 Cir., 1939, 107 F.2d 373, and movant also relies upon the case of The Grasselli Chemical Co. No. 4, D.C.N.Y.1937, 20 F.Supp. 394.

Petitioner cites and relies upon the case of The Ariel, D.C.N.Y.1939, 30 F. Supp. 110, and The Lavinia D, 2 Cir., 190 F.2d 684.

We are of the opinion that to adopt the position taken by petitioner would entail a very narrow construction of the Act in question and would require obedience to form rather than recognition of substance.

The deceased was 14 years of age. He left surviving him no next of kin except his parents, Mr. and Mrs. Leo F. Donnelly, who made timely claim upon petitioner on July 7, 1953. At that time no administrator of the estate of Raymond F. Donnelly had been appointed. It is possible that the appointment of an administrator might never have been required. The administrator when appointed would be the only person who could bring suit for wrongful death, but when suit was brought by him it was brought for and on behalf of the next of kin of the deceased. We are unable to agree that in cases such as this the appointment of an administrator for the estate of the deceased should be perfected before claim can be made that would satisfy the requirements of the Act. Petitioner in this case was notified that movants were claiming damages of him because of the alleged wrongful death of their only child and son, age 14, who was drowned while on a boat of petitioner. It occurs to us that this pretty well notified petitioner that a claim was being made against him under the provisions of the Act and sufficient details were given him to apprize him of the basis for the claim. The "claimants" were the real parties in interest although if suit were to be brought to enforce their claims the appointment of an administrator would be necessary to satisfy the requirements of the Ohio statute.

In the case of Standard Wholesale Phosphate & Acid Works, Inc., v. Travelers Ins. Co., supra, 107 F.2d on page 376, paragraph 5, we find the following:

"The notice here was sufficient to give the petitioner all details of the situation with regard to the claim."

826

The motion to dismiss the petition for exoneration from, or limitation of, liability is sustained.

An order may be drawn accordingly.