10-903-cv
MLC v. Velez

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2011

(Argued: November 22, 2011          Decided: December 15, 2011)

————————————————————————————————

MLC FISHING, INC., as owner of the vessel "Capt Mike,"
the Plaintiff for Exoneration from or Limitation of Liability,

*Plaintiff-Appellant*,

—v.—

JULIO ANGEL VELEZ,

*Defendant-Appellee*,

Docket No. 10-903-cv

————————————————————————————————

B e f o r e : NEWMAN, WINTER, KATZMANN, *Circuit Judges*.
————————

Plaintiff-Appellant MLC Fishing, Inc. appeals from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*) granting Defendant-Appellee's motion to dismiss the complaint for lack of subject matter jurisdiction. We hold that Velez's accident did not occur on or over navigable waters and so this action falls outside the traditional scope of federal admiralty jurisdiction. In addition, we hold that the Exoneration and Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, does not provide an independent jurisdictional basis for petitions that arise from incidents not occurring on or over navigable waters. Accordingly, the judgment of the district court is **AFFIRMED**.

————————

Counsel for Plaintiff-Appellant:          ALFRED J. WILL, Badiak & Will, LLP, Mineola, N.Y.

Counsel for Defendant-Appellee:          ANDREW V. BUCHSBAUM, Friedman, James & Buchsbaum LLP, New York. N.Y.

————————

PER CURIAM:

Plaintiff-Appellant MLC Fishing, Inc. ("MLC") appeals from the district court's judgment dismissing for want of subject matter jurisdiction MLC's complaint seeking exoneration from or limitation of liability pursuant to the Exoneration and Limitation of Liability Act (the "Limitation Act"), 46 U.S.C. § 30501 *et seq.* MLC owns the fishing vessel "Capt. Mike," which at all relevant times was docked at Capt. Mike's Marina in Howard Beach, Queens. MLC initiated this limitation proceeding following an accident that took place when Defendant-Appellee Julio Angel Velez, intending to go fishing as a passenger aboard the Capt. Mike, slipped and fell on a ramp leading from the marina to a floating dock that passengers were required to traverse in order to access the vessel.

"We review *de novo* the district court's dismissal for lack of subject matter jurisdiction." *Delgado v. Quarantillo*, 643 F.3d 52, 54 (2d Cir. 2011) (per curiam). "The burden of demonstrating subject-matter jurisdiction lies with the party asserting it . . . ." *Mathirampuzha v. Potter*, 548 F.3d 70, 85 (2d Cir. 2008).

The Constitution provides that "[t]he judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction." U.S. Const. art. III, § 2. Congress has granted federal district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). "The primary purpose of federal admiralty jurisdiction is to protect commercial shipping with uniform rules of conduct." *Vasquez v. GMD Shipyard Corp.*, 582 F.3d 293, 298 (2d Cir. 2009) (internal citation, quotation marks, and alteration omitted). To determine whether a tort action lies within the federal courts' admiralty jurisdiction, we apply the two-part test set forth by the Supreme Court in *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527 (1995):

> First, the alleged tort must have occurred on or over "navigable waters." Second, the activity giving rise to the incident must have had a substantial relationship to traditional maritime activity, such that the incident had a potentially disruptive influence on maritime commerce.

2

*Vasquez*, 582 F.3d at 298 (citing *Grubart*, 513 U.S. at 534); *see also* Admiralty Extension Act of 1948, 46 U.S.C. § 30101(a) ("Extension Act") (federal admiralty jurisdiction "extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land").

Applying this standard, we conclude that the ramp on which Velez slipped and fell is properly considered an extension of the land, and that this accident was not "caused by" the vessel or its appurtenances. As an initial matter, it is well established that "[p]iers and docks [are] . . . deemed extensions of land" for purposes of determining admiralty jurisdiction, and so "injuries inflicted to or on them [are] . . . not compensable under the maritime law." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 206-07 (1971) (footnotes omitted). Similarly, "courts specifically examining the nature of floating docks . . . [which] rise and fall with the tides . . . have consistently held that they do not possess the characteristics associated with maritime objects." *S. Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 234 F.3d 58, 60, 63 (1st Cir. 2000) (citing cases); *see also Cope v. Vallette Dry-Dock Co.*, 119 U.S. 625, 627 (1887) (claims arising from incident occurring on floating dry-dock did not fall within federal admiralty jurisdiction because the floating dock "had no means of propulsion . . . [and] was not designed for navigation"). Given that floating docks are considered extensions of land for purposes of determining whether an incident occurred on or over navigable waters, it stands to reason that a ramp leading from the land to a floating dock should likewise be so considered. Accordingly, because Velez's alleged accident occurred on such a ramp, the district court was correct in ruling that MLC cannot satisfy the locality prong of the two-part test for invoking federal admiralty tort jurisdiction.

Separately, MLC suggested below that the Limitation Act provides an independent basis for federal jurisdiction over this action. The Limitation Act provides that "the liability of the owner of a vessel for any claim, debt, or liability . . . shall not exceed the value of the vessel and

3

pending freight," 46 U.S.C. § 30505(a).  The "claims, debts, and liabilities" subject to this limitation of liability "are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner."  *Id.* § 30505(b).

The Supreme Court has indicated that whether the Limitation Act provides an independent basis for federal subject matter jurisdiction is an open question, but has declined the resolve the issue.  *See Sisson v. Ruby*, 497 U.S. 358, 359 n.1 (1990) ("[w]e need not decide" the issue because "§ 1333(1) is sufficient to confer jurisdiction").  Every Court of Appeals to reach the question, however, has concluded that the Limitation Act does not provide an independent foundation for federal admiralty jurisdiction.  *See Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 773 (9th Cir. 1995); *Guillory v. Outboard Motor Corp.*, 956 F.2d 114, 115 (5th Cir. 1992) (per curiam);  *David Wright Charter Serv. of N.C., Inc. v. Wright*, 925 F.2d 783, 785 (4th Cir. 1991) (per curium); *Three Buoys Houseboat Vacations U.S.A. Ltd. v. Morts*, 921 F.2d 775, 779-80 (8th Cir. 1990); *Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046, 1053-54 (11th Cir. 1989); *Complaint of Sisson*, 867 F.2d 341, 349-50 (7th Cir. 1989), *rev'd on other grounds sub nom. Sisson*, 497 U.S. at 358.  While the district court did not address the issue in its opinion dismissing the case, and MLC has not renewed its argument that the Limitation Act broadens federal admiralty jurisdiction on appeal, "federal courts have an independent obligation to . . . raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202 (2011); *see also Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists . . . .").  Having carefully considered the question, we take this occasion to join our sister Circuits in holding that the Limitation Act does not confer

4

admiralty jurisdiction over petitions that arise from incidents that, like the one here, did not occur on or over navigable waters.

In reaching this conclusion, we are aided considerably by the District Court of Connecticut's cogent and well-reasoned recent opinion in *In re Carter*, 743 F. Supp. 2d 103 (D. Conn. 2010) (Kravitz, *J.*). As the court observed in *Carter*, the relevant statutory language -- "[t]he owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter," 46 U.S.C. § 30511(a) -- gives no indication that Congress intended the Limitation Act to constitute a jurisdictional grant. *See id.* at 112 ("When Congress grants subject-matter jurisdiction to federal district courts, it ordinarily does so *explicitly* by using the word 'jurisdiction.'") (emphasis in original). Instead, on its face, § 30511(a) appears to be intended as granting vessel owners a private right of action to enforce their rights under the Limitation Act in a federal court, assuming that the court otherwise has subject-matter jurisdiction over the controversy. Moreover, as noted by the *Carter* court, there does not appear to be anything in the Limitation Act's legislative history to indicate that Congress intended § 30511(a) as a jurisdictional grant. *See id.* With respect to "the Act's purpose of making United States shipping more competitive world-wide through the limitation of shipping liability," *Seven Resorts*, 57 F.3d at 773, we agree with our sister Circuits that this purpose would not be advanced by construing the Limitation Act as conferring federal jurisdiction beyond the limits set forth in the subsequently-enacted Extension Act, which extended federal admiralty jurisdiction to any incident "caused by a vessel on navigable waters," 46 U.S.C. § 30101(a). Finally, we share the *Carter* court's concern that reading the Limitation Act to confer federal jurisdiction over controversies that do not occur on or over navigable waters "might well exceed the scope of the constitutional grant of admiralty jurisdiction." *Carter*, 743 F. Supp. 2d at 113; *see Skilling v. United States,* 130 S.Ct. 2896, 2929-30 (2010)

5

("We have . . . instructed the federal courts . . . to avoid constitutional difficulties by adopting a limiting interpretation [of a statute] if such a construction is fairly possible.") (internal quotation marks and editing omitted).  For these reasons, we hold that the Limitation Act does not confer federal admiralty jurisdiction over any action not already encompassed within the Extension Act's jurisdictional grant.

Accordingly, the judgment of the district court is **AFFIRMED**.