24-1519
*In the Matter of the Complaint of Ed Seganti*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

———————————

AUGUST TERM 2024
No. 24-1519

———————————

IN RE:
IN THE MATTER OF THE COMPLAINT OF ED SEGANTI,
*Petitioner.*

———————————

ED SEGANTI, AS OWNER OF A 2018 30′ COBIA BOAT 301CC
MOTORBOAT FOR EXONERATION FROM OR LIMITATION OF LIABILITY,
*Petitioner-Appellant,*

v.

NANCY SKOLNIK,
*Claimant-Appellee.*

———————————

On Appeal from the United States District Court
for the Eastern District of New York

———————————

SUBMITTED: FEBRUARY 24, 2025
DECIDED: AUGUST 26, 2025

———————————

Before:     RAGGI, MENASHI, and PÉREZ, *Circuit Judges.*

Pursuant to 46 U.S.C. § 30529, Ed Seganti petitioned to limit his liability for claims arising from a boating collision. The district court held that it lacked subject matter jurisdiction because Seganti's petition was untimely under § 30529(a). But § 30529(a) is a claim-processing rule that does not implicate the subject matter jurisdiction of a court. Accordingly, we conclude that the district court erred in holding that it lacked subject matter jurisdiction. The district court should have dismissed Seganti's petition on the merits for failure to state a claim. He filed the complaint more than six months after receiving written notice of a claim, so his petition was untimely under § 30529(a). Because we agree with the district court that Seganti's petition was untimely, we hold that his petition should have been dismissed under Federal Rule of Civil Procedure 12(b)(6). We modify the judgment of the district court and affirm the judgment of dismissal as modified.

------

Michael E. Stern, Gallo Vitucci Klar LLP, *for Petitioner-Appellant*.

Kenneth J. Ready, Ready Pascale & Gennarelli, P.C., *for Claimant-Appellee*.

------

MENASHI, *Circuit Judge*:

Petitioner-Appellant Ed Seganti appeals from a judgment of the district court issued May 2, 2024. The district court concluded that it lacked subject matter jurisdiction because Seganti's petition to limit his liability was untimely under 46 U.S.C. § 30529(a). *See Matter of Seganti*, No. 23-08151, 2024 WL 1934211 (E.D.N.Y. May 2, 2024). But § 30529(a) of the Limitation of Liability Act addresses only the

2

timeliness of filing a petition; it does not refer to the jurisdiction of the court. And there is no other reason to conclude that the time limitation of § 30529(a) would restrict the grant of admiralty jurisdiction in 28 U.S.C. § 1333(1).

We conclude that the time limitation described in § 30529(a) is a non-jurisdictional claim-processing rule. While the district court incorrectly decided that it lacked subject matter jurisdiction, Seganti's untimely petition still may not proceed. Seganti filed the petition more than six months after he received written notice of a claim. Because Seganti failed to comply with the mandatory claim-processing rule of § 30529(a), he failed to state a claim on which relief may be granted.

**I**

On May 29, 2022, Ed Seganti was operating his boat near Goose Creek in Nassau County when his boat collided with Steven Aletkin's boat. Nancy Skolnik, a passenger on Aletkin's boat, sustained injuries in the collision.

On September 22, 2022, Skolnik's attorney sent a letter to Seganti with the subject line "Re: Our Client: Nancy Skolnik." App'x 42. The letter recorded the "Date of Accident: May 29, 2022," and the "Location: Bellmore Channel/Goose Creek." *Id.* The letter continued:

> Please be advised that this office has been retained by the above-named to pursue a claim for personal injuries arising out of and as a result of an accident which occurred on the above date through your negligence. Kindly refer this letter immediately to your insurance carrier and/or attorney for prompt consideration and further attention.

> Be advised, we demand that you secure and save all video and still photography camera footage for the entire date of May 29, 2022. Same will be demanded during litigation. Failure to save the video footage will force us to address any issues concerning same with the Court.

*Id.* (emphasis omitted).

Almost a year later—on August 7, 2023—Skolnik filed an action against Aletkin and Seganti in New York State Supreme Court seeking damages under various tort theories. On August 29, 2023, Skolnik sent a letter to Seganti's marine insurer. The letter stated that Skolnik "sustained a torn labrum in her right hip" and an "injury to her lumbar and cervical spine" as a result of the collision. *Id.* at 43.

On November 1, 2023, Seganti filed a complaint in the U.S. District Court for the Eastern District of New York pursuant to the Limitation of Liability Act, 46 U.S.C. § 30529. Seganti sought to limit his liability to $168,775.08—the value of his boat following the accident. In response, Skolnik indicated that she would move to dismiss Seganti's petition for insufficient service of process. *See* App'x 31-32. Skolnik also argued that "[b]ecause Petitioner Seganti failed to bring his LoLA Petition[] within six months of written notice of Claimant Skolnik's claim, the Court has no subject-matter jurisdiction." *Id.* at 46.

The district court decided that the September 2022 letter "provided Seganti with sufficient notice triggering the six-month period to file a LoLA petition." *Matter of Seganti*, 2024 WL 1934211, at *3. The letter "explicitly advised him that Skolnik had retained counsel to represent her in a claim for personal injuries against Seganti arising out of and as a result of a May 29, 2022 accident." *Id.* (internal quotation marks omitted). The district court concluded that because Seganti filed his petition thirteen months after he received the

4

September 2022 letter, his petition was untimely. The district court dismissed the action "in its entirety for lack of subject matter jurisdiction." *Id.* at *4.

## II

"When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). We therefore consider whether the failure to comply with the six-month filing requirement of § 30529(a) deprived the district court of subject matter jurisdiction.

## A

The Constitution extends the federal judicial power "to all Cases of admiralty and maritime Jurisdiction." U.S. Const. art. III, § 2. "Congress codified this constitutional grant of admiralty and maritime jurisdiction in 28 U.S.C. § 1333(1), which provides that 'the district courts shall have original jurisdiction, exclusive of the courts of the States, of any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.'" *In re Petition of Germain*, 824 F.3d 258, 263 (2d Cir. 2016) (alterations omitted) (quoting 28 U.S.C. § 1333(1)).

Against this backdrop Congress adopted the Limitation of Liability Act, which provides that "the liability of the owner of a vessel for any claim, debt, or liability … shall not exceed the value of the vessel and pending freight." 46 U.S.C. § 30523(a). Claims subject to limitation include "those arising from any … injury by collision." *Id.* § 30523(b). To receive the protection of the Act, "[t]he owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter," but "[t]he action must

5

be brought within 6 months after a claimant gives the owner written notice of a claim." *Id.* § 30529(a).

Once an owner has filed a complaint seeking a limitation of liability, "all claims and proceedings against the owner related to the matter in question shall cease." *Id.* § 30529(c). The district court must then "issue a notice to all persons asserting claims with respect to which the complaint seeks limitation." Supp. R. F(4), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure. A claimant must "file and serve an answer to the complaint" if he "desires to contest either the right to exoneration from or the right to limitation of liability." Supp. R. F(5).

**B**

The Supreme Court has said that only when "the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional" should we treat the limitation as jurisdictional. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006). In light of the "harsh consequences" of characterizing a statutory limitation as jurisdictional, we will decide that "procedural rules, including time bars, cabin a court's power only if Congress has 'clearly stated' as much." *United States v. Wong*, 575 U.S. 402, 409 (2015) (alteration omitted) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013)). "In the absence of such a clear statement, 'courts should treat the restriction as nonjurisdictional in character.'" *Donnelly v. CARRP*, 37 F.4th 44, 54 (2d Cir. 2022) (quoting *Auburn Reg'l Med. Ctr.*, 568 U.S. at 153).

Pursuant to this approach, "most time bars are nonjurisdictional, even when framed in mandatory and emphatic terms." *Harrow v. DOD*, 601 U.S. 480, 484 (2024) (internal quotation marks omitted). The Supreme Court has explained that "even when

6

the time limit is important (most are) and even when it is framed in mandatory terms (again, most are)," Congress still "must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional." *Wong*, 575 U.S. at 410. Applying this standard, the Supreme Court has repeatedly held that mandatory time limitations do not restrict the subject matter jurisdiction of the federal courts. *See Harrow*, 601 U.S. at 484-86; *Wilkins v. United States*, 598 U.S. 152, 158 (2023); *Wong*, 575 U.S. at 410; *Musacchio v. United States*, 577 U.S. 237, 246 (2016); *Auburn Reg'l Med. Ctr.*, 568 U.S. at 153; *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011).

In this case, Congress provided no clear statement that the time limitation of § 30529(a) counts as jurisdictional. The provision does not "refer[] in any way to the jurisdiction of the courts." *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (internal quotation marks omitted). It says that an action by an owner "must be brought within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30529(a). The text "speaks only to a claim's timeliness, not to a court's power." *Wong*, 575 U.S. at 410. It "reads like an ordinary, run-of-the-mill statute of limitations, spelling out a litigant's filing obligations without restricting a court's authority." *Id.* at 411 (internal quotation marks omitted).

The statutory context does not otherwise suggest that § 30529(a) addresses jurisdiction. The Limitation of Liability Act "does not provide an independent foundation for federal admiralty jurisdiction." *MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 143 (2d Cir. 2011). Rather, the grant of jurisdiction that allows a district court to entertain a claim under § 30529(a) appears in 28 U.S.C. § 1333(1). We have observed that "the district court will only have admiralty jurisdiction to hear a petition for limitation if it already has admiralty jurisdiction over the underlying claims that the petition seeks to limit"

7

and for that reason the district court must first "ask whether the underlying claims raise a 'civil case of admiralty or maritime jurisdiction' that the district court could hear under 28 U.S.C. § 1333(1)." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 244 (2d Cir. 2014). The Supreme Court "has often explained that Congress's separation of a filing deadline from a jurisdictional grant indicates that the time bar is not jurisdictional." *Wilkins*, 598 U.S. at 159 (quoting *Wong*, 575 U.S. at 411). We can identify no reason to conclude that the time limitation in 46 U.S.C. § 30529(a) limits the grant of admiralty jurisdiction in 28 U.S.C. § 1333(1).

Some time ago, our court considered a case in which the claimant challenged the timeliness of a petition as well as other merits questions. We said that the timeliness challenge "go[es] to our jurisdiction to decide the ultimate question." *Petition of Spearin, Preston & Burrows, Inc.,* 190 F.2d 684, 685 (2d Cir. 1951). That imprecise use of the term "jurisdiction" did not establish that § 30529(a) limits the subject matter jurisdiction of the federal courts. "[T]he legal lexicon knows no word more chameleon-like than 'jurisdiction,'" *United States v. Sabella*, 272 F.2d 206, 209 (2d Cir. 1959) (Friendly, J.), and courts "have more than occasionally misused the term 'jurisdictional' to refer to nonjurisdictional prescriptions," *Fort Bend County v. Davis*, 587 U.S. 541, 547 n.4 (2019) (internal quotation marks and alteration omitted).

"We generally require jurisdictional rulings to be expressed clearly to be binding." *Donnelly*, 37 F.4th at 55. To "separate" a "definitive earlier interpretation of a statutory provision as jurisdictional" from a decision that "misused the term 'jurisdictional' to refer to nonjurisdictional prescriptions," we ask "if the prior decision addressed whether a provision is technically jurisdictional— whether it truly operates as a limit on a court's subject-matter

8

jurisdiction—and whether anything in the decision turned on that characterization." *Wilkins*, 598 U.S. at 159-60 (internal quotation marks and alteration omitted). The decision in *Spearin* neither addressed technical jurisdiction nor did it turn on that characterization. The Supreme Court has "described such unrefined dispositions as 'drive-by jurisdictional rulings' that should be accorded 'no precedential effect' on the question whether the federal court had authority to adjudicate the claim in suit." *Arbaugh*, 546 U.S. at 511 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998)).

We conclude that the "mundane statute-of-limitations language" in § 30529(a) does not limit the subject matter jurisdiction of the federal courts. *Wong*, 575 U.S. at 410. We accordingly join those circuits that have reached the same conclusion. *See Martz v. Horazdovsky*, 33 F.4th 1157, 1163 (9th Cir. 2022) ("We agree with those courts that have held that section 30511(a) is an ordinary statute of limitations and is not jurisdictional."); *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 794 (5th Cir. 2021) ("[T]he time limitation set forth in 46 U.S.C. § 30511(a) is a mere claim-processing rule which has no bearing on a district court's subject matter jurisdiction."); *Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1329 (11th Cir. 2019) ("Because we find no clear textual indication that § 30511(a)'s six-month time bar was intended to limit courts' subject matter jurisdiction—because, in short, it does nothing special, beyond setting an exception-free deadline—we hold that the provision is an ordinary non-jurisdictional claim-processing rule.") (internal quotation marks and citations omitted).

## III

Still, "calling a rule nonjurisdictional does not mean that it is not mandatory." *Gonzalez*, 565 U.S. at 146. "Though not jurisdictional, mandatory claim-processing rules remain mandatory." *Donnelly*, 37 F.4th at 56. Such rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson*, 562 U.S. at 435. "Thus, how [§ 30529(a)] applies is 'in essence a question whether Congress intended to allow a certain cause of action.'" *Donnelly*, 37 F.4th at 56 (quoting *Air Courier Conf. v. Am. Postal Workers Union*, 498 U.S. 517, 523 n.3 (1991)).

## A

Seganti filed his petition more than six months after he received written notice of Skolnik's claim. Skolnik objected to the untimeliness of the petition. *See* App'x 46 ("As Petitioner Seganti failed to timely bring this action, it must be dismissed."). As a result, § 30529(a) bars his action.

## B

Seganti argues that the September 2022 letter did not initiate the six-month period to commence his limitation action because it did not provide him with notice of Skolnik's claim. We disagree.

We do not require "exacting specificity in a notice of claim to a vessel owner" but instead employ a "broad and flexible standard of review—reading letters of notice in their entirety and considering their 'whole tenor'—when determining if sufficient notice was given." *Doxsee Sea Clam Co., Inc. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994) (quoting *In re Allen N. Spooner & Sons, Inc.*, 253 F.2d 584, 586 (2d Cir. 1958)). A letter begins the six-month countdown under § 30529(a)

when "it informs the vessel owner of an actual or potential claim which may exceed the value of the vessel and is subject to limitation." *Id.* (citations omitted). "[E]ven when doubt exists as to the total amount of the claims or as to whether they will exceed the value of the ship the owner will not be excused from satisfying the statutory time bar since he may institute a limitation proceeding even when the total amount claimed is uncertain." *Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 34 (2d Cir. 1982).

The September 2022 letter began the six-month period to file under § 30529(a). The letter informed Seganti of the who, what, when, where, and how of Skolnik's claim. The letter identified (1) the parties involved (Skolnik and Seganti), (2) the nature of the injuries ("personal injuries"), (3) the date and location of the accident ("May 29, 2022," at "Bellmore Channel/Goose Creek"), and (4) Skolnik's contention that Seganti had caused her injuries through his negligence. App'x 42.

Seganti argues that the letter did not notify him that the "claims would exceed the value of the boat." Appellant's Br. 7. But a letter provides sufficient notice even when it is "ambiguous as to the amount that would be sought." *Doxsee*, 13 F.3d at 555; *see also Allen N. Spooner & Sons*, 253 F.2d at 586 (holding that "the letter is a notice of claim" even though it stated that "the amount of the loss in its entirety was evidently not yet known"). It is "of no significance" that Skolnik could not identify the specific amount of damages in September 2022 because "the whole tenor of the letter … is to the effect that [Seganti] will be held responsible for the loss." *Allen N. Spooner & Sons*, 253 F.2d at 586. "In other words, the letter is a 'notice of claim' and could not reasonably be taken to be anything else." *Id.*

Seganti further argues that the commencement of the action in state court in August 2023 "was the first time that Respondent advised Appellant that she was a guest on the other boat involved in the accident." Reply Br. 7. But nothing in the record suggests that the collision involved people other than the passengers on Seganti's and Aletkin's boats. Seganti would have known whether Skolnik was a passenger on his own boat, so it required no feat of deductive reasoning for Seganti to learn from the September 2022 letter that Skolnik was on Aletkin's boat.

Seganti complains that it was not until Skolnik's "counsel sent a letter to Appellant's marine insurers on August 29, 2023," that she "for the first time advised Appellant of the nature of the injuries alleged." *Id.* (emphasis omitted). But the September 2022 letter informed Seganti that Skolnik had suffered "personal injuries" in the collision. App'x 42. We require no more "exacting specificity" than that. *Doxsee*, 13 F.3d at 554.

\* \* \*

Seganti's failure to comply with the time limitation in § 30529(a) requires that his petition be dismissed. But the ground for that dismissal matters. "The difference between a dismissal for lack of jurisdiction and a dismissal for failure to state a claim often carries significance." *Donnelly*, 37 F.4th at 57. For one thing, "[a] dismissal for lack of jurisdiction must be without prejudice rather than with prejudice. Dismissals for failure to state a claim, on the other hand, are generally with prejudice." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) (quoting *Donnelly*, 37 F.4th at 57). It remains "permissible to dismiss for failure to state a claim without prejudice, for example to enable a party to seek to amend its complaint," *id.*, but in this case no amendment could bring Seganti's limitation action into

12

compliance with § 30529(a). As a result, there is no reason to deviate from the general rule that a dismissal for failure to state a claim will be with prejudice.

"[W]e have long recognized the power to modify judgments to conform with the district court's authority and to affirm them as modified, 'as may be just under the circumstances.'" *United States v. Adams*, 955 F.3d 238, 250 (2d Cir. 2020) (quoting 28 U.S.C. § 2106). And we have expressly exercised that authority to modify a judgment of dismissal for lack of jurisdiction into a dismissal under Federal Rule of Civil Procedure 12(b)(6) with prejudice. *See Ry. Labor Execs.' Ass'n v. Staten Island R.R. Corp.*, 792 F.2d 7, 12-13 (2d Cir. 1986) ("[T]he judgment dismissing [the] complaint is modified to declare that the dismissal is with prejudice, under Rule 12(b)(6), and, as modified, affirmed.").

For the reasons described above, the judgment dismissing Seganti's limitation action for lack of subject matter jurisdiction is modified to dismiss the action under Rule 12(b)(6) and, as modified, is affirmed.