Cannon v H&L Contr., LLC (2026 NY Slip Op 00233)

Cannon v H&L Contr., LLC

2026 NY Slip Op 00233

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
PHILLIP HOM, JJ.

2021-07187
 (Index No. 702991/18)

[*1]James Cannon, respondent-appellant,
vH & L Contracting, LLC, appellant-respondent.

Freehill Hogan & Mahar LLP, New York, NY (John F. Karpousis and J. Tanner Honea of counsel), for appellant-respondent.
Giuliano, McDonnell & Perrone, LLP, Mineola, NY (Nicholas P. Giuliano and Ari S. Gatoff of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Timothy Dufficy, J.), entered September 20, 2021. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, denied the plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In January 2018, the plaintiff was employed by the defendant on a project to repair the fender system of the Whitestone Bridge. The plaintiff operated an excavator that was located on a barge that the defendant owned. The barge was moved around the Flushing River during this project to perform the work on the bridge. The excavator was located on and attached with chains to crane mats, which are large, wooden timbers that are placed on the barge.
On January 3, 2018, the plaintiff allegedly sustained injuries when he slipped from a bent step on the excavator into an uncovered hole of a crane mat.
The final day of the project was January 11, 2018. In order to get to and from the barge for most of the project, a boat transferred the crew via a floating dock that was connected to land by a gangway. When the crew left the barge on the final day, the floating dock was no longer present. A tugboat pushed the barge to a concrete pile cap. Once the plaintiff disembarked onto the pile cap, he climbed a ladder and proceeded approximately 30 feet toward the shore along the pile cap. There was a two-to-three-foot gap between the pile cap and the shore. The plaintiff allegedly fell when crossing the gap, sustaining further injuries.
The plaintiff commenced this action to recover damages for the injuries he allegedly sustained in the two incidents. The defendant moved for summary judgment dismissing the complaint. The plaintiff cross-moved for summary judgment on the issue of liability. In an order entered September 20, 2021, the Supreme Court denied the defendant's motion and the plaintiff's cross-motion. The defendant appeals, and the plaintiff cross-appeals.
The defendant's potential liability for the plaintiff's alleged injuries while on the barge is governed by the Longshore and Harbor Worker's Compensation Act (LHWCA) (33 USC § 901, et seq.). The LHWCA provides for federal workers' compensation benefits for a qualified employee who is injured on the job, which is the workers' exclusive remedy against their employer (see 33 USC §§ 904[a]; 905[a]). Section 905(b) of the LHWCA provides for the recovery against a vessel, by its owner or operator, for any negligence of the vessel (see Gravatt v City of New York, 226 F3d 108, 124 [2d Cir]). Where, as here, a defendant is both an employer of the injured worker and a vessel owner, i.e., a "dual-capacity defendant," "[l]iability in vessel negligence under section 905(b) will only lie where the dual-capacity defendant breached its duties of care while acting in its capacity as vessel owner. The negligent actions of a dual-capacity defendant's employees must be analyzed to determine whether they were undertaken in pursuance of the defendant's role as vessel owner or as employer" (id. at 124-125).
Contrary to the defendant's contention, the barge was a vessel under federal law (see 1 USC § 3; Lozman v Riviera Beach, 568 US 115, 122; Lee v Astoria Generating Co., L.P., 13 NY3d 382, 391; Pipia v Turner Constr. Co., 114 AD3d 424, 426). Nevertheless, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as was based on the incident that occurred on January 3, 2018, by submitting evidence establishing that the accident was based on the defendant's responsibilities as the plaintiff's employer, not as a vessel owner (see Doty v Tappan Zee Constructors, LLC, 831 Fed Appx 10, 13 [2d Cir]; Gravatt v City of New York, 226 F3d at 125; Daza v Pule Found. Constr. Co., 983 F Supp 2d 399, 406-407 [SD NY]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was based on the incident that occurred on January 3, 2018. For the same reasons, the court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability as to that incident.
With respect to the incident that occurred on January 11, 2018, it is well established in the case law concerning both general maritime law and the LHCWA that "'[p]iers and docks are deemed extensions of the land'" (Stein v County of Nassau, 417 F Supp 3d 191, 199 [ED NY] [alteration omitted], quoting Victory Carriers, Inc. v Law, 404 US 202, 212), "'while the means of access between a dock and a vessel is considered an appurtenance of the vessel'" (id., quoting Florida Fuels, Inc. v Citgo Petroleum Corp., 6 F3d 330, 332 [5th Cir]). Here, deposition testimony showed that the plaintiff fell while jumping off the concrete pile cap, which was part of the pier being constructed, onto the land. Under these circumstances, the defendant, as the vessel owner, was not liable for the plaintiff's injuries (see MLC Fishing, Inc. v Velez, 667 F3d 140, 142 [2d Cir]). Accordingly, the Supreme Court also should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was based on the incident that occurred on January 11, 2018. For the same reasons, the court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability as to that incident.
In light of our determination, we need not reach the defendant's remaining contentions.
CONNOLLY, J.P., VOUTSINAS, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court